Teresa BAUM, Appellant

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 4, 2008.
Decided April 15, 2008.
Publication Ordered June 10, 2008.

Christopher P. Lyden, Lancaster, for appellant.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, and COHN JUBELIRER, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR Judge KELLEY.

Teresa Baum (Licensee) appeals the order of the Court of Common Pleas of Lancaster County (trial court) denying her petition to appeal *nunc pro tunc* a three-month suspension of her operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) pursuant to Section 1786(d) of the Vehicle Code.[1] We affirm.

On March 12, 2007, Licensee was adjudicated guilty of the summary offense of violating Section 1786(f) of the Vehicle Code[2] by a district justice. On March 20,

1. 75 Pa.C.S. § 1786(d). Section 1786(d) provides, in pertinent part:

> (d) **Suspension of registration and operating privilege.—**
> (1) The [Department] ... shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility....
> * * *
> (4) Where an owner or registrant's operating privilege has been suspended under this subsection, the owner or registrant shall have the same right of appeal under section 1550 (relating to judicial review) as provided for in cases of suspension for other reason. The court's scope of review in an appeal from an operating privilege suspension shall be limited to determining whether:
> (i) the vehicle was registered or of a type required to be registered under this title; and
> (ii) the owner or registrant operated or permitted the operation of the same vehicle when it was not covered by financial responsibility....

75 Pa.C.S. § 1786(d)(1) and (4).

In turn, Section 1550 of the Vehicle Code provides, in pertinent part:

> (a) **General rule.**—Any person ... whose operating privilege has been ... suspended ... by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). The appellant shall serve a copy of the petition for appeal, together with a copy of the notice of the action from which the appeal has been taken, upon the department's legal office.
> (b) **Supersedeas.—**
> (1) (i) Except as provided in subparagraphs (ii) and (iii), filing and service of such a petition for appeal from a suspension ... shall operate as a supersedeas until final determination of the matter by the court vested with the jurisdiction of such appeals.

75 Pa.C.S. § 1550(a) and (b)(1)(i). *See also* Section 933(a)(1)(ii), of the Judicial Code, 42 Pa.C.S. § 933(a)(1)(ii) ("[E]ach court of common pleas shall have jurisdiction of appeals from ... [d]eterminations of the Department of Transportation appealable under ... Title 75 (relating to vehicles) ... Section 1550 (relating to judicial review)...."); Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b) ("[A]n appeal from a tribunal or other government unit to a court ... must be commenced within 30 days after the entry of the order form which the appeal is taken...."); Section 5572 of the Judicial Code, 42 Pa.C.S. § 5572 ("The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for purposes of this subchapter....").

2. Section 1786(f) of the Vehicle Code provides:

> (f) **Operation of a motor vehicle without required financial responsibility.**—Any

2007, the Department mailed Licensee notice which stated that, pursuant to Section 1786(d) of the Vehicle Code, her operating privilege would be suspended for three months effective April 24, 2007 "[b]ecause you failed to produce proof of financial responsibility on 01/15/2007, the date of your traffic offense." Commonwealth Exhibit A, # 1. The notice also stated that "[y]ou have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, MARCH 20, 2007, of this letter...." *Id.*

On April 24, 2007, Licensee's counsel filed a petition in the trial court to appeal the notice of suspension *nunc pro tunc.* In the petition, counsel alleged that, on April 9, 2007, Licensee had filed an appeal from her summary conviction by the district justice of violating Section 1786(f) of the Vehicle Code.[3] Counsel also alleged that, on April 9, 2007, he had mailed the Department a "request for delay of suspension"[4] along with a certified copy of the appeal, and asked for a response by the Department "if there were any prob-

lems with the request". Counsel also alleged that, on April 23, 2007, three days past the suspension appeal deadline, Licensee received a letter from the Department which indicated that it would not grant the delay because it considered the suspension to be appropriate regardless of the summary conviction appeal. Based on the foregoing, in the petition, Counsel alleged that the grant of an appeal *nunc pro tunc* was appropriate because: (1) the Department routinely grants delays of suspensions; (2) Licensee would have filed a timely appeal of the notice of suspension if the Department had responded to her delay request in a timely manner; and (3) "[t]here was no way to anticipate that the Department would take a legal position contrary to the plain meaning of [Section 1786 of the Vehicle Code]."

■ On May 4, 2007, a hearing on Licensee's petition was conducted before the trial court. On August 14, 2007, the trial court issued an opinion and order denying Licensee's petition. Licensee then filed the instant appeal.[5]

---

owner of a motor vehicle for which the existence of financial responsibility is a requirement for its legal operation shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter. In addition to the penalties provided by subsection (d), any person who fails to comply with this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine of $300.

75 Pa.C.S. § 1786(f).

3. It should also be noted that, in the petition, counsel also alleged that the Department had imposed the suspension pursuant to Section 1786(f) of the Vehicle Code. However, as indicated above, the Department's notice states that the three-month suspension was imposed pursuant to Section 1786(d) of the Vehicle Code. *See* Commonwealth Exhibit A, # 1.

4. Section 1555 of the Vehicle Code provides, in pertinent:

(a) **General Rule.**—Upon receiving certification that a person has filed a timely appeal from a criminal conviction that has caused the department to issue a notice of suspension, ... the department may delay commencement of the suspension ... for a period of up to six months. It shall be the responsibility of the person to obtain from the court in which the appeal was filed a statement which certifies that the person filed a timely appeal from the conviction and to forward the certification to the department, accompanied by a request for the six-month delay from the department.

75 Pa.C.S. § 1555(a).

5. This Court's scope of review of a trial court's decision whether to allow an appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Nardy v. Department of Transportation,* 142 Pa.Cmwlth. 388, 597 A.2d 288 (1991).

In this appeal, Licensee claims that the trial court erred in denying her petition to appeal the Department's notice of suspension *nunc pro tunc.* More specifically, Licensee contends that the Department's delay in responding to her request to delay the suspension under Section 1555 of the Vehicle Code caused her delay in appealing the Department's notice of suspension. Licensee submits that this non-negligent cause for the delay compelled the trial court to grant the petition.

The general rule is that a licensee has thirty days from the mailing date of the notice of suspension to file an appeal to the court of common pleas under Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b); *Hudson v. Department of Transportation, Bureau of Driver Licensing,* 830 A.2d 594 (Pa.Cmwlth.2003). Failure to file an appeal within the 30–day period deprives the court of common pleas of subject matter jurisdiction over the appeal. *Id.* This Court has elaborated on the jurisdictional requirement:

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown cause the delay in filing the appeal.

*Id.* at 598 (citations omitted).

Thus, an extension of time to file *nunc pro tunc* is permitted where either

fraud or an administrative breakdown cause the delay in filing the appeal. Furthermore, it is a licensee's burden to prove that her failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process. *Kulick v. Department of Transportation, Bureau of Driver Licensing,* 666 A.2d 1148 (Pa. Cmwlth.1995), *petition for allowance of appeal denied,* 544 Pa. 616, 674 A.2d 1077 (1996).

In addition to fraud or administrative breakdown, the Supreme Court has also set forth a "non-negligent circumstances" exception, and established a three-part test for meeting this exception: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001).[6] As the Supreme Court noted:

> The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so. *See Cook,* 671 A.2d at 1132; *Perry v. Unemployment Comp. Bd. of Review,* [74 Pa.Cmwlth. 388, 459 A.2d 1342, 1343 (1983)] (fact that law clerk's car broke down while he was on route to the post office, precluding him from getting to

**6.** This exception was initially set out in *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (holding that non-negligent circumstances existed where the attorney's secretary was given the appeal to file, but failed to do so because of illness), and then expanded

upon in *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d 1130 (1996) (holding non-negligent circumstances existed where the appellant failed to file the appeal because he was suddenly hospitalized with a life-threatening illness).

the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc* ); *Tony Grande, Inc. v. Workmen's Compensation Appeal Bd. (Rodriquez)*, [71 Pa.Cmwlth. 566, 455 A.2d 299, 300 (1983)] (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc* ); *Walker v. Unemployment Comp. Bd. of Review*, [75 Pa.Cmwlth 116, 461 A.2d 346, 347 (1983)] (U.S. Postal Service's failure to forward notice of referee's decision to appellant's address, as appellant had requested, warranted appeal *nunc pro tunc* ) . . . .

*Id.* at 443–444, 781 A.2d at 1160.

In the instant case, Licensee was neither unaware of when the thirty-day appeal period would expire, nor was she prevented in any manner from filing her appeal within that period. Rather, Licensee failed to perfect an appeal within that time period in anticipation that the Department would act favorably on her petition for a stay under Section 1555.[7] There is abso-

---

7. It should be noted that Licensees petition to appeal the suspension *nunc pro tunc* alleged, *inter alia*, that the instant suspension was imposed by the Department under Section 1786(f) of the Vehicle Code. However, as noted above, the Departments notice of suspension clearly indicates that the instant suspension was imposed pursuant to Section 1786(d) of the Vehicle Code. This is a distinction with a difference because a suspension under Section 1786(d) is separate and apart from a summary conviction under Section 1786(f).

It is well settled that, in order to sustain a suspension of a licensee's operating privilege under Section 1786(d), the Department must prove: (1) the vehicle was required to be registered in the Commonwealth; (2) financial responsibility was not maintained for the vehicle: and (3) the licensee operated the vehicle while it was not covered by the required financial responsibility. Section 1786(d)(4)(i) & (ii); *Dubolino v. Department of Transportation*, 816 A.2d 1200 (Pa.Cmwlth. 2002); *Williams v. Department of Transportation*, 812 A.2d 736 (Pa.Cmwlth.2002); *Smith v. Department of Transportation*, 747 A.2d 1247 (Pa.Cmwlth.2000).

In addition, the Department is not required to introduce proof of a summary conviction under Section 1786(f) in order to establish its prima facie case supporting a suspension under Section 1786(d). To the contrary, the Department may introduce evidence independent of the criminal charges under Section 1786(f) to establish its prima facie case in an appeal from a Section 1786(d) suspension. *See, e.g., Dubolino*, 816 A.2d at 1203 ("[O]fficer Shields testified, without objection, that on the date of the accident, he requested that Dubolino provide proof of financial responsi-

bility but she was unable to do so, and that although given additional time, she never produced information to establish that the Mustang was insured on the date of the accident; instead she presented proof of insurance effective the day *after* the accident. We believe this testimony, which was not rebutted, permits a reasonable inference that the auto was not insured on the day *of* the accident and amply satisfies DOT's *prima facie* burden.") (footnotes omitted and emphasis in original); *Williams v. Department of Transportation*, 812 A.2d at 740 ("[A]s [Section 1516(b) of the Vehicle Code] makes clear, the accident report in this case forwarded to DOT constitutes a record of DOT which may be entered into evidence. Additionally as this case involved an appeal relating to the issue of financial responsibility under the Code, this report was admissible to support DOT's case. Moreover, the report in this case was included in a packet of documents, duly certified and under seal, from the Secretary of Transportation. As such, the report constituted prima facie proof of the facts and information contained therein. Hence, the report was sufficient to satisfy DOT's initial burden of proof. . . .").

Based on the foregoing, it is clear that a delay of Licensee's suspension would not have been appropriate under Section 1555 of the Vehicle Code because that section only relates to delays during an appeal of a criminal conviction "[t]hat has caused the department to issue a notice of suspension. . . ." 75 Pa.C.S. § 1555(a). Rather, Section 1786(d)(4) provides that a licensee may appeal a suspension imposed under that section pursuant to the provisions of Section 1550. In turn, Section 1550(b)(1)(i) specifically states that the "[f]iling and service of a petition for [such an]

lutely no allegation that the Department acted in any manner to preclude Licensee from filing her appeal within the thirty-day appeal period. In short, the allegations raised by Licensee regarding why her appeal was not timely filed, even if assumed to be true, do not establish a "unique and compelling case[ ] in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss*, 566 Pa. at 443, 781 A.2d at 1160. As a result, the trial court did not err in denying Licensee's petition to appeal the three-month suspension *nunc pro tunc*.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 15th day of April, 2008, the order of the Court of Common Pleas of Lancaster County, dated August 14, 2007 at No. CI–07–03626, is AFFIRMED.

appeal ... shall operate as a supersedeas until final determination of the matter by the court...." 75 Pa.C.S. § 1550(b)(1)(i). Thus, had Licensee filed a timely appeal, there would have been an automatic supersedeas of her suspension during the pendency of the appeal pursuant to Section 1550(b)(1)(i).