# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John E. Barrett, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 858 C.D. 2016 |
| | : | Submitted: January 20, 2017 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                  **FILED: May 15, 2017**


John E. Barrett (Licensee) appeals from an order of the Court of Common Pleas of Allegheny County (Trial Court) dismissing his appeal from a one-year suspension of his driver's license imposed by the Department of Transportation, Bureau of Driver Licensing (Department) for refusal of chemical testing in violation of Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i), commonly known as the Implied Consent Law.  However, because we determine that the Trial Court erred by permitting Licensee to file a *nunc pro tunc* appeal, we vacate the Trial Court's order and dismiss Licensee's appeal from the suspension for lack of jurisdiction.

The facts as found by the Trial Court are as follows.  On November 10, 2015, Trooper Jerrod Withrow of the Mt. Lebanon Police Department

responded to a dispatcher's report that several 911 calls had been received reporting erratic driving. (Trial Court Op. at 3.) From his patrol car, Trooper Withrow observed a vehicle with the same description and license plate number as the vehicle mentioned in the dispatcher's report and began to follow the vehicle. (*Id.*) Trooper Withrow observed the vehicle cross the double yellow lines into the oncoming lane and slow down and speed up erratically. (*Id.*) Trooper Withrow initiated a stop of the vehicle and approached the vehicle to speak with the driver, who was identified at trial as Licensee. (*Id.*) Licensee had difficulty finding his license and registration, and Trooper Withrow observed that he had red glassy eyes, slurred speech, a dark red stain around his mouth and smelled strongly of alcohol. (*Id.* at 3-4.)

After another officer arrived on the scene, Trooper Withrow asked Licensee to exit his vehicle, but Licensee repeatedly refused and became increasingly hostile. (*Id.* at 3-4.) After being advised that he would be forcibly removed if he did not do so voluntarily, Licensee exited the vehicle and stated that he had problems with his feet and that he had drunk a few glasses of wine with dinner. (*Id.* at 4.) Licensee consented to a horizontal gaze nystagmus test, but was unable to perform the test pursuant to instructions. (*Id.*) Trooper Withrow then asked Licensee to perform a portable breath test to assess whether he had consumed alcohol, but Licensee failed to blow into the device to allow for a reading. (*Id.*)

Trooper Withrow then arrested Licensee for driving while intoxicated, handcuffing him and placing him in the back of the patrol vehicle. (*Id.*) Trooper Withrow then read to Licensee the warnings on the Department's DL-26 chemical test warning form and asked Licensee to submit to a blood test. (*Id.* at 4-5.) After

the first reading, Licensee told Trooper Withrow to ask his lawyer. (*Id.* at 5.) Trooper Withrow then read the DL-26 form and asked Licensee to submit to a blood test two more times; on the second reading, Licensee did not provide a response and on the third reading, Licensee stated that Trooper Withrow was a disgrace to the uniform. (*Id.*) Trooper Withrow informed Licensee that he was treating the responses as a refusal to submit to chemical testing; Licensee refused to sign the DL-26 form. (*Id.*; DL-26 Form, Reproduced Record 78a.) Licensee did not ask that the DL-26 form be reread or state that he did not understand any of the warnings. (Trial Court Op. at 5.) Licensee also did not report at any point that he had a hearing impairment. (*Id.* at 4.)

By notice mailed on November 27, 2015, the Department informed Licensee that his license was suspended for a period of one year effective January 1, 2016 based on his refusal to submit to a chemical test on November 10, 2015. (Supplemental Reproduced Record (Supp. R.R.) 3b-5b.) On January 7, 2016, Licensee, acting *pro se*, filed a Petition to File Appeal *Nunc Pro Tunc* seeking leave to appeal the Department's determination and requesting a stay of the license suspension. (Supp. R.R. 1b-2b.) Following a January 14, 2016 hearing at which Licensee was now represented by counsel, the Trial Court issued an order granting the petition. (Order, Supp. R.R. 1b; Jan. 14, 2016 Hearing Transcript (H.T.) at 9, Supp. R.R. 13b.)

A hearing on the merits of Licensee's appeal was held on April 14, 2016 at which Trooper Withrow, Licensee and Licensee's daughter testified. On May 3, 2016, the Trial Court issued an order dismissing Licensee's appeal. Licensee filed a timely appeal, and the Trial Court thereafter issued an opinion pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

On appeal to this Court, Licensee argues that the Department failed to present sufficient evidence to establish two elements of its *prima facie* case to sustain a suspension of operating privileges under the Implied Consent Law, namely that the evidence failed to show that Trooper Withrow had reasonable grounds to believe that Licensee was operating a vehicle under the influence of alcohol or that Licensee refused to submit to a chemical test. *See Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999) (setting forth test under the Implied Consent Law). The Department argues that the Trial Court correctly determined that it had satisfied its *prima facie* burden of proof under the Implied Consent Law and that Licensee did not present evidence that would allow him to invoke the affirmative defense that he was incapable of making a knowing and conscious decision to refuse chemical testing. In addition, the Department argues that the Trial Court misapplied the law when it granted Licensee's *nunc pro tunc* appeal because Licensee did not show the type of extraordinary circumstances that would permit an appeal of the Department's notice of suspension of his operating privileges after the statutorily prescribed deadline. Upon review, we agree with the Department that the Trial Court erred by granting the *nunc pro tunc* appeal in this matter and we accordingly do not reach the merits of Licensee's appeal.

A licensee who wishes to appeal from a suspension of operating privileges has 30 days from the date of the entry of the order in which to file a notice of appeal in the court of common pleas where the arrest was made. 42 Pa. C.S. § 933(a)(1)(ii); 42 Pa. C.S. § 5571(b); *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 601 (Pa. Cmwlth. 2015). Where the order is served by mail, as is the case with the notice of

4

suspension at issue in this matter, the date of mailing is considered the date of entry of the order. 42 Pa. C.S. § 5572; *Williamson*, 129 A.3d at 601.

Appeals filed beyond the 30-day appeal period are untimely and deprive the court of common pleas of subject matter jurisdiction over the appeal, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Williamson*, 129 A.3d at 601; *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). An appeal may be permitted *nunc pro tunc* only where delay in the filing of the appeal was caused by extraordinary circumstances involving fraud, a breakdown in the administrative process or non-negligent circumstances related to the appellant, her counsel or a third party. *Bureau Veritas North America, Inc. v. Department of Transportation*, 127 A.3d 871, 879 (Pa. Cmwlth. 2015); *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). The appellant bears the burden of demonstrating that such circumstances exist. *Williamson*, 129 A.3d at 600; *Kulick v. Department of Transportation, Bureau of Driver Licensing*, 666 A.2d 1148, 1150 (Pa. Cmwlth. 1995). This Court's scope of review of a trial court's decision whether to allow an appeal *nunc pro tunc* is limited to determining whether the trial court abused its discretion or committed an error of law. *Williamson*, 129 A.3d at 599; *Baum*, 949 A.2d at 347 n.5.

In this matter, the notice of suspension was mailed on November 27, 2015 and therefore Licensee had 30 days from that date within which to file an appeal to the Trial Court. (Notice of Suspension, Supp. R.R. 3b, 5b.) The notice of suspension clearly explained Licensee's appeal right and the timeframe in which the appeal may be made: "You have the right to appeal this action to the Court of

5

Common Pleas (Civil Division) within 30 days of the mail date, NOVEMBER 27, 2015, of this letter." (*Id*., Supp. R.R. 5b.) Because the thirtieth day after November 27, 2015 was a Sunday, Licensee had until the following day, Monday, December 28, 2015, in which to file his appeal. *See* 1 Pa. C.S. § 1908 (related to computation of time). Therefore, Licensee's Petition to File Appeal *Nunc Pro Tunc* filed on January 7, 2016 was filed 10 days after the statutorily prescribed 30-day appeal time limit.

In his Petition to File Appeal *Nunc Pro Tunc*, Licensee stated that

> This stay is filed slightly late (11 days) as my attorney was away for the holidays and I thought that I had to return the license and did mail it to DMV on December 31. The mailing date on my suspension notice from PA DMV is November 27, 2015. It is January 7, 2016 today when I make this request at County Court in Pittsburgh PA. I want to request the mercy of the court to be allowed appeal with DMV Pa for as long as this court matter takes to complete.

(Supp. R.R. 2b.) At the hearing on the petition, Licensee's counsel stated that he left on vacation on December 24, 2015 and Licensee called his office while counsel was away and asked to speak with him but did not leave a message indicating the purpose of the call. (Jan. 14, 2016 H.T. at 3, 5-6, Supp. R.R. 7b, 9b-10b.) Counsel stated that he was therefore unaware of the December 28, 2015 appeal deadline until he spoke with Licensee when he arrived back from vacation on January 6, 2016. (*Id*. at 6, Supp. R.R. 10b.) Counsel explained that Licensee was given "bad advice" by a mutual friend, who was not a lawyer, that counsel could "take care of it" when he returned from vacation. (*Id*. at 7, Supp. R.R. 11b.) Counsel further stated that Licensee was "confused" by this advice, which was evidenced by the fact that Licensee complied with the requirement in the notice

6

that he mail his license back to the Department by January 1, 2016 while ignoring the notice's appeal deadline. (*Id*.; Notice of Suspension, Supp. R.R. 5b ("You must return all current Pennsylvania driver license products to PennDOT by 01/01/2016.").) The Trial Court did not state its basis for granting Licensee leave to file the appeal *nunc pro tunc* at the hearing, in its order or in its opinion.

Licensee argues before this Court that he was misled by the inaccurate advice given by his non-lawyer friend, but that he acted in good faith and that this constituted a non-negligent circumstance that justifies a *nunc pro tunc* appeal. In *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979), and *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996), our Supreme Court recognized that non-negligent circumstances related to either the actions of the appellant or his counsel can serve as the basis for a *nunc pro tunc* appeal. The exception to allow for the filing of a late appeal due to non-negligent circumstances "is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) (holding that "delays in the U.S. mail are both foreseeable and avoidable" and that the appellant's failure to anticipate a delay did not warrant *nunc pro tunc* relief); *see also Baum*, 949 A.2d at 348. Thus, courts have permitted an appeal to be filed *nunc pro tunc* where the appellant, her attorney or the individual in her attorney's office responsible for filing the appeal suffers an unexpected illness or hospitalization during the appeal period. *See, e.g.*, *Cook*, 671 A.2d at 1132 (appellant's sudden illness and hospitalization while the appeal period expired was grounds for appeal *nunc pro tunc*); *Bass*, 401 A.2d at 1134-36 (*nunc pro tunc* relief warranted where secretary

7

who was responsible for filing appeal fell ill, left work and did not return to work until after the appeal deadline had passed); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board (Rodriguez),* 455 A.2d 299, 300 (Pa. Cmwlth. 1983) (hospitalization of appellant's counsel preventing the filing of a timely appeal authorized *nunc pro tunc* relief). Similarly, this Court has permitted a *nunc pro tunc* appeal where the clerk in the appellant's attorney's office experienced automotive problems while driving to the post office to file the appeal and did not arrive until after the post office was closed. *Perry v. Unemployment Compensation Board of Review,* 459 A.2d 1342, 1343 & n.2 (Pa. Cmwlth. 1983).

A mere misunderstanding or confusion regarding the necessity for an appeal or an appeal deadline, however, will not serve as the basis for the filing of an appeal after a statutorily mandated period. *See, e.g., Williamson*, 129 A.3d at 602 (stating that the licensee's "subjective misunderstanding or confusion related to the straightforward appeal language in the Bureau's notice of suspension cannot, by itself justify extension of the statutorily mandated 30-day appeal period"); *Baum*, 949 A.2d at 349-50 (motorist barred from filing *nunc pro tunc* appeal of suspension of operating privileges where she appealed an underlying summary offense violation and filed a request for a stay of the suspension but mistakenly did not file a timely appeal of the notice of suspension); *Kovalesky v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d 26, 29-32 (Pa. Cmwlth. 2004) (holding that a licensee who did not file a timely appeal of a Pennsylvania license suspension based on a "misunderstanding of the workings" of the Driver's License Compact was not entitled to an appeal *nunc pro tunc*); *see also In re Appeal of Tenet HealthSystems Bucks County, LLC*, 880 A.2d 721, 727-28 (Pa. Cmwlth. 2005) (attorney's reliance on erroneous statement of appeal timeframe in

legal publisher's unofficial compendium of Pennsylvania's uncodified statutes did not present an extraordinary event that would allow *nunc pro tunc* appeal); *Lawrence County v. Pennsylvania Labor Relations Board*, 469 A.2d 1145, 1148-49 (Pa. Cmwlth. 1983) (holding that an attorney who inadvertently did not review a copy of the order that was required to be appealed until after the expiration of the appeal period was not entitled to file a late appeal because "mere neglect or administrative oversight of counsel cannot justify allowance of an appeal nunc pro tunc"). Furthermore, the fact that an appellant is unrepresented does not excuse his misunderstanding or lack of knowledge of the law that is required to effectuate a timely appeal. *Hinds v. Department of Transportation, Bureau of Motor Vehicles,* 740 A.2d 1217, 1219 (Pa. Cmwlth. 1999) (*pro se* appellant "assumed the risk that her lack of legal knowledge might prove to be her undoing" and lack of knowledge of "proper appellate procedure" was not enough to permit an appeal *nunc pro tunc*); *Fritz v. Workmen's Compensation Appeal Board (Kim Manufacturing Co., Inc.)*, 527 A.2d 636, 637 (Pa. Cmwlth. 1987) (unrepresented litigant's argument "that he was 'not skilled in the law'" was insufficient to overcome jurisdictional bar based on a failure to file a timely appeal).

We conclude that Licensee has not set forth grounds for a *nunc pro tunc* appeal. The only grounds presented by Licensee to the Trial Court that would merit leave to file a *nunc pro tunc* appeal were that his attempt to reach his attorney prior to the running of the appeal period was unsuccessful because the attorney was on vacation and that he was given incorrect advice by a friend that the appeal could be filed by the attorney after the appeal period had run. It is clear that Licensee received the notice of suspension advising him that any appeal must be filed within 30 days of November 27, 2015, read the notice and understood at least

9

that he could appeal the notice and he was required to mail his license to the Department by January 1, 2016. These circumstances demonstrate at most only a confusion regarding the strict necessity that the appeal be filed within 30 days of the notice's mail date which courts have routinely rejected and do not present the "unique and compelling" case in which Licensee "attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss*, 781 A.2d at 1160.

Accordingly, we vacate the order of the Trial Court.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John E. Barrett, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 858 C.D. 2016 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

## **O R D E R**

AND NOW, this 15th day of May, 2017, the order of the Court of Common Pleas of Allegheny County (Trial Court) in the above-captioned case is VACATED and Appellant's appeal from the suspension of his driver's license imposed by the Department of Transportation, Bureau of Driver Licensing is DISMISSED for lack of jurisdiction.

_____
JAMES GARDNER COLINS, Senior Judge