IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stanley Joseph Zukos | : | |
| | : | |
| v. | : | No. 372 C.D. 2017 |
| | : | Submitted: November 22, 2017 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: March 15, 2018

The Department of Transportation, Bureau of Driver Licensing (PennDOT), appeals an order of the Court of Common Pleas of Luzerne County (trial court) sustaining the statutory appeal of Stanley Joseph Zukos (Licensee) of PennDOT's three-month suspension of his driver's license. PennDOT contends that the trial court erred in allowing Licensee to appeal *nunc pro tunc* and in deciding the merits of his appeal. We vacate and remand.

On September 24, 2010, a truck registered to Groundworks Landscaping, a sole proprietorship, was involved in an accident. The truck was not insured. Licensee was not operating the truck or present at the accident scene. The police officer who investigated the accident cited Licensee, the owner of Groundworks Landscaping, for a violation of Section 1786(f) of the Vehicle Code, which states:

> Any owner of a motor vehicle for which the existence of
> financial responsibility is a requirement for its legal operation

> shall not operate the motor vehicle or permit it to be operated upon a highway of this Commonwealth without the financial responsibility required by this chapter.

75 Pa. C.S. §1786(f). On January 13, 2011, a magisterial district judge convicted Licensee, who did not appeal the summary offense conviction. Notes of Testimony (N.T.), 7/13/2016, at 23; Reproduced Record at 22a (R.R. __).

Thereafter, by notice mailed January 21, 2011, PennDOT advised Licensee that:

> Your driving privilege is scheduled to be suspended on 02/25/2011, because you failed to produce proof of financial responsibility on 09/24/2010, the date of your traffic offense.
>
> 1. Your driving privilege will be suspended for three months effective 02/25/2011 at 12:01 A.M. as authorized by Section 1786(d) of the Vehicle Code.

R.R. 35a.[1] Section 1786(d)(1) of the Vehicle Code provides, in relevant part, as follows:

> [PennDOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the

---

[1] On January 20, 2011, PennDOT sent a separate notice addressed to Groundworks Landscaping, stating that:

> At the time the offense occurred [on September 24, 2010], you were unable to provide proof of financial responsibility (insurance).
>
> As a result, the registration for the vehicle listed above will be suspended for three months effective 02/24/2011 at 12:01 A.M. as authorized by Section 1786(d) of the Vehicle Code.

R.R. 33a. The vehicle registration suspension is not an issue in this case.

owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa. C.S. §1786(d)(1). PennDOT's notice stated that Licensee had the right to appeal "within 30 days of the mail date, January 21, 2011, of this letter," *i.e.,* February 21, 2011. R.R. 36a.

On February 24, 2011, Licensee appealed his license suspension. The notice of appeal stated:

> This is to certify that [Licensee] has formally appealed the Driver['s] License Suspension from which he was notified on or about January 25, 2011.

R.R. 37a. The trial court took no action on Licensee's appeal until September 16, 2014, when Licensee filed a motion for hearing and a rule to show cause why his appeal should not be sustained. The same day, the trial court entered an order scheduling a hearing for October 20, 2014. Thereafter, the trial court ordered Licensee's appeal "continued generally." Trial Court Disposition Sheet, 10/20/2014; R.R. 14a.

In the meantime, Licensee had appealed three separate convictions for the summary offense of driving with a suspended license in violation of Section 1543(a) of the Vehicle Code, 75 Pa. C.S. §1543(a).[2] Those appeals were consolidated before the trial court, and oral argument was held on September 17,

---

[2] Section 1543(a) of the Vehicle Code provides, in pertinent part:

> Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

75 Pa. C.S. §1543(a).

2014. Licensee maintained that his driver's license was not suspended on any of the three occasions in question because his February 24, 2011, license suspension appeal triggered an automatic supersedeas of his license suspension under Section 1550(b) of the Vehicle Code.[3]

On October 10, 2014, the trial court dismissed Licensee's appeals of his summary convictions. In so doing, the trial court found that the last day for Licensee to appeal his license suspension was February 21, 2011, and Licensee appealed on February 24, 2011. Accordingly, the trial court concluded that there was no supersedeas in effect when Licensee was charged with the summary offenses under Section 1543(a) of the Vehicle Code. Licensee appealed to the Superior Court.

While Licensee's appeals were pending before the Superior Court, the trial court entered an order on January 16, 2015, dismissing Licensee's license suspension appeal. In a January 27, 2015, letter to Licensee, the trial judge explained that he dismissed Licensee's appeal because he did not appear at the January 12, 2015, hearing scheduled on his license suspension appeal:

> I had an opportunity to review correspondence between counsel dated January 16, 2015 concerning the appeal of the suspension issued by [Penn]DOT in the above-captioned matter.
>
> Please note that Order was issued based upon the non-appearance of the moving party and [PennDOT] informed the Court that [Licensee] could not overcome the hearing argument of timeliness. Since the evidence was uncontroverted, I issued the

---

[3] Section 1550(b) provides, in pertinent part:
  (b) Supersedeas.—
  (1)(i) Except as provided in subparagraphs (ii) and (iii), filing and service of a petition for appeal from a suspension or revocation shall operate as a supersedeas until final determination of the matter by the court vested with the jurisdiction of such appeals.
75 Pa. C.S. §1550(b).

Order. The letter seems to suggest that compliance with the Order may be at issue. If this is correct, please notify this Court and we will vacate the previous order and schedule argument for the timeliness and merits.

R.R. 48a. Licensee did not appeal the trial court's January 16, 2015, order dismissing his license suspension appeal.

One and a half years later, on June 29, 2016, Licensee filed a motion to relist hearing. Licensee asserted that upon receiving the trial court's January 16, 2015, order dismissing his license suspension appeal, he promptly notified the trial court that he did not receive the notice. The trial court responded with the above-quoted January 27, 2015, letter. Motion to Relist Hearing, ¶¶6-7; R.R. 43a. Licensee further asserted that the Superior Court had "granted additional time for [the trial court] to have a hearing on the [license suspension] matter with [PennDOT]." Motion to Relist Hearing, ¶9; R.R. 43a. The same day, the trial court scheduled a hearing for July 13, 2016, to hear "the merits of the [license suspension] matter." Trial Court Order, 6/29/2016; R.R. 50a.[4]

In his pre-hearing memorandum of law, Licensee argued, *inter alia*, that there had been a breakdown "in the administrative and judicial process," and the trial court "may review this matter on a *[n]unc [p]ro [t]unc* basis." R.R. 53a-54a. Licensee further argued that he was neither the driver nor owner of the uninsured truck that was involved in the accident. Therefore, "[a]t all times relevant hereto," Licensee believed the suspension "was for Groundworks [Landscaping] and not for him." R.R. 54a. Licensee argued that he should not be punished "for something he was not involved with." *Id.*

---

[4] Licensee explained at the July 13, 2016, hearing that the Superior Court ruled "[f]rom the [b]ench." N.T. 28; R.R. 23a. He did not have a copy of the decision "because they [sic] haven't put it in writing yet." N.T. 29; R.R. 23a.

5

At the July 13, 2016, hearing, Licensee testified that on the date of the accident he was out of town "on an estimate for a job." N.T. 35; R.R. 25a. Licensee acknowledged that the truck was registered to Groundworks Landscaping, a sole proprietorship he has owned since 1985. Licensee testified that the truck was used "as a plow truck for [w]inter purposes" and that he "had no reason to insure it during the summer months." N.T. 36; R.R. 25a. Licensee testified that he did not permit anyone to operate the truck and that the worker driving it at the time of the accident did so without Licensee's knowledge or permission.

Licensee reiterated his argument that the trial court should "accept the filing of his suspension appeal *nunc pro tunc*." N.T. 51-52; R.R. 29a. The trial court asked Licensee's counsel whether he wanted "to take evidence to [the *nunc pro tunc* issue]." N.T. 52; R.R. 29a. Counsel responded, "No. I'll address it in my brief." *Id*.

The trial court took the matter under advisement. Before the trial court ruled on the issues heard at the July 13, 2016, hearing, the Superior Court ruled on Licensee's appeal of the trial court's order of October 10, 2014. The Superior Court held that the trial court erred in dismissing Licensee's summary conviction appeals prior to a hearing on his license suspension appeal, "which effectively deprived [Licensee] of a hearing to determine the condition precedent of his summary convictions – namely, whether [Licensee]'s driver's license properly had been suspended." *Commonwealth v. Zukos*, (Pa. Super., No. 1929 MDA 2014, filed August 9, 2016) slip. op. at 4; R.R. 123a. The Superior Court remanded the matter for the trial court

> to conduct a hearing in the driver's license suspension matter, at which time the timeliness and merits of [Licensee]'s appeal in that case may be explored. Thereafter, the trial court shall issue

6

an order on [Licensee]'s summary appeals of his convictions under [75 Pa. C.S.] §1543(a) at issue herein.

*Id.* In response, the trial court entered an order scheduling the hearing on the driver's license suspension matter for January 31, 2017, at 9:00 a.m.

At the hearing on January 31, 2017, the trial court stated that the "timeliness [of the suspension appeal] remains an issue." N.T., 1/31/2017, at 15-16; R.R. 133a. Licensee acknowledged that PennDOT's notice of suspension stated that any appeal had to be filed within 30 days from the mail date of January 21, 2011. He further acknowledged that he filed the appeal on February 24, 2011. Licensee maintained, however, that PennDOT lacked authority to suspend his license under Section 1786(d) of the Vehicle Code because he did not own or operate the truck involved in the accident. PennDOT rejoined that the suspension was proper because Licensee had first been convicted of failure to prove financial responsibility under Section 1786(f) of the Vehicle Code. The parties presented no evidence at the hearing, and Licensee's counsel agreed that the trial court should make a decision "on the prior record," *i.e.,* presumably the one developed on July 13, 2016. N.T. 21; R.R. 134a.

On February 9, 2017, the trial court sustained Licensee's license suspension appeal and reinstated his driver's license. Crediting Licensee's testimony, the trial court found that Licensee was not the owner or operator of the truck at the time of the accident, and he had not permitted his employees to use that vehicle. To punish him "for the actions of others" would be "fundamental[ly]

unfair[]." Trial Court op. at 1. Without giving any reason, the trial court found Licensee's appeal "timely." *Id*. PennDOT now appeals to this Court.[5]

On appeal, PennDOT raises three issues, which we combine into two for clarity. First, it contends that the trial court abused its discretion in permitting Licensee to appeal his license suspension *nunc pro tunc* because there was no evidence to support such relief. Alternatively, PennDOT argues that the evidence does not support the trial court's finding that Licensee was neither the owner nor operator of the vehicle under Section 1786(d) of the Vehicle Code.

In its first issue, PennDOT argues that the trial court erred in allowing Licensee to appeal *nunc pro tunc* because he did not prove "a breakdown in the administrative or judicial process." PennDOT Brief at 23. Further, because Licensee did not appeal the trial court's January 16, 2015, order dismissing his license suspension appeal, any proceedings that followed were a "nullity." PennDOT Brief at 27. Licensee responds that PennDOT's two suspension notices constitute a breakdown in the administrative process. One notified Groundworks Landscaping that the truck's registration was suspended. The other notice suspended Licensee's personal driver's license for the stated reason that he owned the truck and permitted its operation without the required financial responsibility. 75 Pa. C.S.

---

[5] Our review of an order allowing an appeal *nunc pro tunc* determines whether the trial court abused its discretion or committed an error of law. *Department of Transportation, Bureau of Driver Licensing v. Kruc*, 557 A.2d 443, 445 n. 6 (Pa. Cmwlth. 1989). Abuse of discretion represents "a manifestly unreasonable exercise of judgment, or a final result that evidences partiality, prejudice, bias, or ill-will." *Centrum Prime Meats, Inc. v. Pennsylvania Liquor Control Board,* 455 A.2d 742, 745 (Pa. Cmwlth. 1983) (citing *Mielcuszny v. Rosol,* 176 A. 236, 237 (Pa. 1934)). Our review in a driver's license suspension appeal determines whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *Tirado v. Department of Transportation, Bureau of Driver Licensing*, 876 A.2d 1082, 1085 n. 6 (Pa. Cmwlth. 2005).

§1786(d). Licensee maintains that he offered "clear and unequivocal evidence" to rebut these claims. Licensee reasonably believed that "the suspension was for Groundworks and not for him." Licensee Brief at 5, 8. Stated otherwise, Licensee argues that PennDOT's suspension notice applied only to Groundworks' vehicle registration.

Generally, a licensee has thirty days from the mailing date of the notice of suspension to file an appeal to the court of common pleas. 42 Pa. C.S. §5571(b).[6] Failure to file an appeal within the 30-day period deprives the court of common pleas of subject matter jurisdiction over the appeal. *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Nevertheless, jurisdiction may be extended in extraordinary circumstances:

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. *Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.*

*Id.* (internal citations omitted) (emphasis added). *See also Baum v. Department of Transportation, Bureau of Driver Licensing,* 949 A.2d 345, 348 (Pa. Cmwlth. 2008) (late appeal must relate to "non-negligent circumstances.").

---

[6] Section 5571(b) of the Judicial Code states:

> Except as otherwise provided in subsections (a) and (c) and in section 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

42 Pa. C.S. §5571(b).

In sum, an appeal *nunc pro tunc* is permitted where a licensee shows: (1) the licensee's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the licensee or the licensee's counsel; (2) the licensee filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *Baum*, 949 A.2d at 348 (citing *Criss v. Wise,* 781 A.2d 1156 (Pa. 2001)). The Supreme Court has cautioned that allowing an appeal *nunc pro tunc* based on non-negligent circumstances "is meant to apply only in unique and compelling cases." *Criss*, 781 A.2d at 1160.

As noted above, the Superior Court directed the trial court *"to conduct a hearing in the driver's license suspension matter, at which time the timeliness and merits of [Licensee]'s appeal in that case may be explored*." *Commonwealth v. Zukos*, (Pa. Super., No. 1929 MDA 2014, filed August 9, 2016) slip. op. at 4; R.R. 123a (emphasis added). The trial court held this hearing on January 31, 2017.

Acknowledging that the timeliness of the license suspension appeal "remains an issue,"[7] N.T. 1/31/2017 at 15-16, R.R. 133a, the trial court based its decision upon "the prior record." N.T. 21; R.R. 134a. In its opinion and order dated February 9, 2017, sustaining Licensee's license suspension appeal, the trial court concluded that Licensee's appeal was "timely" without explanation. Trial Court op. at 1.

A *nunc pro tunc* appeal is allowed where "fraud or an administrative [or judicial] breakdown cause[d] the delay in filing the appeal." *Baum,* 949 A.2d at 348. Licensee asserts that a breakdown in the administrative process occurred because PennDOT sent two notices – one to Groundworks Landscaping and another

---

[7] The grant of *nunc pro tunc* relief is a "question of subject matter jurisdiction," which "may be raised at any time, even on appeal, by the parties or by the court *sua sponte*." *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993).

10

to him – "blaming both for the same violation." Licensee Brief at 8. Licensee attributes his delay in filing the appeal to the confusion caused by PennDOT's two notices. Licensee Brief at 5. Because evidence was necessary to support Licensee's claim of confusion, the trial court should have conducted a hearing.

We hold that the trial court erred in allowing Licensee's appeal *nunc pro tunc* without an evidentiary record. As we explained in *Department of Transportation, Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924, 925-26 (Pa. Cmwlth. 1994), a hearing on the substantive merits of a licensee's appeal cannot negate a trial court's error in failing to first hold a hearing on whether the licensee could appeal *nunc pro tunc*. Where *nunc pro tunc* relief is improperly granted, the trial court lacks jurisdiction to consider the merits of Licensee's appeal. *Id.* at 926.

For these reasons, we vacate the trial court's order sustaining Licensee's license suspension appeal and remand this matter for a hearing on whether Licensee should be granted leave to appeal *nunc pro tunc*.[8]

_____
MARY HANNAH LEAVITT, President Judge

---

[8] Because we vacate and remand, we do not reach PennDOT's allegation of error related to the trial court's review of the merits of the action.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stanley Joseph Zukos | : | |
| | : | |
| v. | : | No. 372 C.D. 2017 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

## O R D E R

AND NOW, this 15th day of March, 2018, the order of the Court of Common Pleas of Luzerne County, dated February 9, 2017, in the above-captioned matter, is VACATED, and the matter is REMANDED for further proceedings consistent with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge