Anton Johnson,      :
    Appellant    :
           :
   v.       :
           :
Sergeant Brown, C.O. Mannery, C.O. :
Hicks, C.O. Barchesi, Sergeant Finley, :
C.O. John Doe 1, C.O. John Doe 2,  :
Sergeant John Doe 3, whom are being : No. 338 C.D. 2021
sued individually and official capacities : Submitted: May 27, 2022

BEFORE: HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: August 3, 2022

    Anton Johnson (Johnson), *pro se*, appeals from an order of the Court of Common Pleas of Greene County (trial court) entered on January 12, 2021. Upon review, we quash the appeal as untimely filed.

## I. Background

    Johnson is an inmate at the State Correctional Institution at Greene (SCI-Greene). Johnson filed a civil complaint (federal complaint) in the United States District Court for the Eastern District of Pennsylvania (district court) pursuant

to 42 U.S.C. § 1983, alleging violations of his civil rights by SCI-Greene staff.[1] *Johnson v. Brown* (C.C.P. Greene, No. 795 AD 2019, filed Jan. 12, 2021), slip op. (Trial Ct. op.) at 2-3. Between May 2018 and March 2019, the district court issued four successive orders directing Johnson to take action in furtherance of his federal complaint. *See* Original Record (O.R.) Item #24, Ex. A at 9 & Ex. B at 5. Johnson took no responsive action until April 1, 2019, when he filed a motion asking the district court to send him a copy of his federal complaint and grant him an extension of time to respond to a pending defense motion for dismissal. *Id.* The same day, the district court issued an order dismissing Johnson's federal complaint without prejudice. *Id.* Apparently, Johnson did not refile his federal complaint.

Johnson then filed a civil complaint in the trial court (state complaint) against five named individuals on SCI-Greene's staff (SCI Defendants) and three "John Doe" defendants. O.R. Item #30. Johnson alleged that the SCI Defendants and John Doe defendants refused to obtain and give him copies of his court papers related to his federal complaint, which were in the possession of another inmate, Johnson's "jailhouse lawyer," in July 2018 when that inmate was transferred to a restricted housing unit at SCI-Greene. *Id.* at 2-4. Johnson asserted that this conduct denied him access to the courts by rendering him unable to pursue his federal complaint, resulting in the eventual dismissal of the federal complaint. *Id.* at 5.

The SCI Defendants filed preliminary objections to the state complaint asserting immunity from suit and legal insufficiency of the state complaint. Trial Ct. op. at 4. On January 12, 2021, the trial court issued an order overruling the immunity objection, sustaining the legal insufficiency objection, dismissing the state

---

[1] It is not clear from the record whether the federal complaint and the state complaint named the same defendants.

complaint against the SCI Defendants, and stating the order was final and was subject to appeal within 30 days. *Id.* at 5-6 & 9-10.

The trial court's docket indicates that the order was filed and a copy was sent to Johnson that same day, January 12, 2021. O.R. Item #4. Johnson filed a notice of appeal dated March 15, 2021, which was docketed in the trial court on March 17, 2021. *See* Notice of Appeal at 1-2. On May 5, 2021, this Court issued a *per curiam* order observing that the appeal might be untimely and directing the parties to address the timeliness issue in their principal briefs on the merits of the appeal or in a separate application for relief. The SCI Defendants then filed an application to quash Johnson's appeal as untimely (Application to Quash).

In his response to the Application to Quash, Johnson denied receiving the January 12, 2021 order until his mother called the court and requested a copy on his behalf in March 2021, after which he promptly filed a notice of appeal. Preliminary Response to Defendant's Motion to Quash (Answer to Appl. to Quash) at 1. He averred that he did not know whether the trial court's order was timely mailed after its filing on January 12, 2021; that he did not "recall" receiving a copy of it shortly thereafter, although he had no way of proving he did not receive it; and that he "presume[d]" his alleged failure to receive the order may have been related to "C[OVID]-19 complications, or mere oversight." *Id.* at 1-2. He indicated that if he obtained any evidence to support his claim of nonreceipt of the trial court's order, he would file a supplement with this Court "as soon as possible." *Id.* at 2. No supplement was ever filed.

The SCI Defendants, however, filed an application for relief (Application to Supplement) asking to supplement the record with a Pennsylvania Department of Corrections Inmate Correspondence History relating to Johnson

3

(Johnson Correspondence History) indicating that Johnson received and signed for mail from the trial court on January 19, 2021, as evidence of their assertion that Johnson received the trial court's order on that date. Johnson did not respond to the Application to Supplement. This Court granted the Application to Supplement and accepted the Johnson Correspondence History as a supplement to the record.

This Court issued an order indicating that it would dispose of the Application to Quash along with the merits of the appeal. The parties then filed their appellate briefs. Johnson again averred that he did not receive the trial court's order until March 2021, but his brief offered no discussion of the timeliness issue beyond that bare averment. *See* Br. of Appellant at 7. By contrast, the SCI Defendants pointed to their supplemental documentation that Johnson signed for and received documents from the trial court on January 19, 2021. Br. of Appellees at 7 & 11; *see also* Appl. to Suppl., App. They also argued that the order was presumptively received once it had been deposited in the United States Mail and that Johnson had failed to rebut that presumption. *Id.* at 10. Johnson did not file a reply brief.

## II. Discussion

A notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken. Pa. R.A.P. 903(a). A timely appeal is a prerequisite to this Court's exercise of jurisdiction over the appeal. *See Monroe Cnty. Bd. of Assessment Appeals v. Miller*, 570 A.2d 1386, 1388 (Pa. Cmwlth. 1990) (explaining that timeliness of an appeal is a jurisdictional requirement and cannot be waived). An appellate court "may not enlarge the time for filing a notice of appeal . . . ." Pa. R.A.P. 105(b). However, a court may grant *nunc pro tunc* relief to consider an untimely appeal in limited instances involving, *inter alia*, fraud or administrative

4

breakdown; the party seeking such relief has the burden of establishing an administrative breakdown.[2] *Baum v. Dep't of Transp., Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008).

Here, the trial court issued, filed, and mailed its order on January 12, 2021. O.R. Item #4. Therefore, the deadline to file a notice of appeal was 30 days later, on February 11, 2021. *See* Pa. R.A.P. 903(a); Trial Ct. op. at 10. Johnson did not mail his notice of appeal until March 15, 2021, and it was not filed in the trial court until March 17, 2021. Therefore, the notice of appeal was facially untimely.

Johnson's implicit suggestion of administrative breakdown is insufficient to show that he did not receive the trial court's order on January 19, 2021. The trial court's docket indicates the trial court's order was issued, filed, and mailed to Johnson on January 12, 2021. O.R. Item #4. The docket further reflects that the trial court Prothonotary sent a response to correspondence from Johnson on January 13, 2021.[3] *Id.* In its Statement Pursuant to Pa. R.A.P. 1925(a), O.R. Item #6 (1925(a) Statement), the trial court specifically stated that it "issued the [o]rder appealed herefrom on January 12, 2021, and the [o]rder was sent to all parties." *Id.* at 2. No other documents are listed on the trial court's docket as having been mailed to Johnson on or around that date. *See* O.R. Item #4. Johnson's signature on the supplemental record submitted by the SCI Defendants, which record this Court

---

[2] There is no allegation of fraud in this case.

[3] Johnson's correspondence, dated January 7, 2021 and filed January 13, 2021, contended that the SCI Defendants were improperly delaying Johnson's receipt of documents relating to their preliminary objections by mailing the documents to Pennsylvania's contractual screening service for inmate mail, located in Florida, rather than mailing the documents directly to Johnson. O.R. Item #11. Although the trial court's docket indicates the Prothonotary sent a response on January 13, 2021, *see id.* Item #4, the original record does not include a copy of that response.

Notably, Johnson asserts *no such contention* regarding the trial court Prothonotary's mailing of the trial court's order of January 12, 2021.

accepted, demonstrated that Johnson received two pieces of mail from the Prothonotary of Greene County on January 19, 2021 – presumably the trial court's January 12, 2021 order and the Prothonotary's January 13, 2021 letter. *See* Appl. to Suppl., App. Johnson does not deny that he signed the record indicating his receipt of the documents. He does not assert that neither document was the order dated January 12, 2021 dismissing his state complaint. In short, the trial court's docket indicates the order was timely mailed, the trial court's 1925(a) Statement confirmed the order was mailed, the SCI Defendants have submitted documentary evidence of Johnson's timely receipt of the trial court's order, and Johnson has offered nothing whatsoever to refute or even deny the information contained in those documents. Thus, we reject Johnson's averment that his late notice of appeal resulted from his failure to receive the trial court's order.

In addition, even assuming, *arguendo*, that Johnson had shown he did not timely receive the trial court's order, he has not sustained his burden of demonstrating that the alleged nonreceipt resulted from administrative breakdown. In response to the SCI Defendants' Application to Quash the appeal – but not in his brief – Johnson "presumes" that his alleged failure to receive the trial court's order before March 2021 was caused in some unspecified manner by the COVID-19 pandemic or by an unspecified oversight by unidentified personnel at either the trial court or SCI-Greene. Answer to Appl. to Quash at 1-2. This vague, unsupported, and speculative averment is not sufficiently specific to plead, much less prove, an administrative breakdown. Indeed, the essence of Johnson's argument is simply that "[b]ecause [he] does not recall ever being served a copy of the 1/12/21 [o]rder being [a]ppealed within the original 30 days, this is an exceptional circumstance that allows filing outside of the 30 days. . . ." *Id.* Johnson has made no attempt to

6

supplement the record, nor has he presented any factual or legal argument whatsoever in his brief. Therefore, Johnson has necessarily failed to sustain his burden of showing that his untimely appeal resulted from an administrative breakdown.

For these reasons, Johnson's appeal is untimely and *nunc pro tunc* relief is not available. Thus, this Court lacks jurisdiction over Johnson's appeal. Accordingly, the appeal is quashed.

_____
CHRISTINE FIZZANO CANNON, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anton Johnson,               :
          Appellant        :
                     :
       v.                :
                     :
Sergeant Brown, C.O. Mannery, C.O.   :
Hicks, C.O. Barchesi, Sergeant Finley,   :
C.O. John Doe 1, C.O. John Doe 2,     :
Sergeant John Doe 3, whom are being   :    No. 338 C.D. 2021
sued individually and official capacities   :

## O R D E R

AND NOW, this 3rd day of August, 2022, the appeal of Anton Johnson is QUASHED as untimely filed.

_____
CHRISTINE FIZZANO CANNON, Judge