639 A.2d 924

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Gregg A. SCHILLACI, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1993.

Decided March 16, 1994.

David R. White, Asst. Counsel–Appellate Section, for appellant.

No appearance for appellee.

COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

COLINS, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County (Common Pleas), dated January 27, 1993, which sustained the appeal of Gregg Allen Schillaci (licensee) from a one-year suspension of his operating privilege imposed by the Department pursuant to Section 1547(b) of the Vehicle Code.[1]

1. Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1), provides that

[i]f any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police

On January 27, 1993, Common Pleas held a hearing on licensee's appeal from the suspension, at which time the Department moved to vacate Common Pleas' June 23, 1992 order that had permitted licensee to appeal the suspension *nunc pro tunc*. In support of this motion, the Department argued that it had never been notified of licensee's petition to appeal *nunc pro tunc* and that, regardless, "there were no facts alleged in the appeal which indicated any reasons for allowing" a *nunc pro tunc* appeal. The Department further maintained that the aforementioned failure to receive notice denied it an opportunity to challenge the appeal.

Rejecting the Department's argument, Common Pleas found that its June 23, 1992 order allowing licensee's appeal *nunc pro tunc* was sufficiently in advance of the January 27, 1993 hearing on the merits as to constitute sufficient notice to the Department, which, according to Common Pleas, "was delatory [sic] in this matter." Based on the foregoing and on the police officer's failure to appear at the hearing, Common Pleas sustained licensee's appeal from the suspension. This appeal by the Department followed.

■ Our scope of review "is limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court committed an error of law or abuse of discretion." *Department of Transportation, Bureau of Driver Licensing v. Moss,* 146 Pa.Commonwealth Ct. 330, 334, 605 A.2d 1279, 1281, *petition for allowance of appeal denied,* 532 Pa. 648, 614 A.2d 1144 (1992).

The Department contends that licensee's appeal was clearly untimely and that Common Pleas erred in failing to vacate its "palpably erroneous" June 23, 1992 order that allowed licensee to appeal *nunc pro tunc* despite this untimeliness. Specifically, the Department maintains that the June 23, 1992 order violated its due process rights, because the order was entered by Common Pleas in an *ex parte* fashion without the Department having received notice of licensee's *nunc pro tunc* peti-

officer, the department shall suspend the operating privilege of the person for a period of 12 months.

tion, and without conducting a hearing on the propriety of granting the appeal *nunc pro tunc*, thereby precluding presentation of evidence and cross-examination of witnesses. Moreover, the Department notes that Common Pleas' June 23, 1992 order granting the appeal *nunc pro tunc* preceded the June 25, 1992 filing of licensee's petition, indicating that the petition had not even been served on the date Common Pleas granted the relief requested therein.

It is further averred by the Department that the untimeliness of licensee's appeal raises questions as to subject matter jurisdiction which may be raised at any time, even on appeal, by the parties or by the court *sua sponte*. The jurisdictional question was not, according to the Department, resolved by Common Pleas. That lack of resolution is critical, because the police officer's absence from the January 27, 1993 hearing was only relevant if Common Pleas did have subject matter jurisdiction.

Finally, the Department maintains that no evidence of record supports Common Pleas' grant of licensee's appeal *nunc pro tunc* and that, even if evidence did exist, such an appeal is impermissible because of licensee's failure to provide for receipt of his mail while he allegedly was absent from the jurisdiction and because of his excessive delay (over 66 days) in filing his appeal after he returned to the jurisdiction.

■ Upon review, we find that no record was established to support Common Pleas' grant of licensee's appeal *nunc pro tunc* and that Common Pleas erred in rejecting the Department's argument that it had been denied the opportunity of challenging licensee's *nunc pro tunc* petition. We further find that in its March 18, 1993 opinion, Common Pleas' statement that its June 23, 1992 order granting the appeal afforded the Department eight months notice of the January 27, 1993 suspension hearing does not negate Common Pleas' failure to hold an initial hearing to determine whether to grant licensee's *nunc pro tunc* appeal. This failure contravenes the following well-established guidelines set forth in *Department of Transportation, Bureau of Driver Licensing v. Lang*, 148

Pa.Commonwealth Ct. 19, 610 A.2d 1076 (1991) *petition for allowance of appeal denied,* 530 Pa. 647, 607 A.2d 256 (1992):

> A trial court should permit an appeal *nunc pro tunc* 'only where the party making the request has shown that the delay in filing the appeal was engendered by extraordinary circumstances involving *fraud or a breakdown in the court's operations through a default of its officers* which has resulted in injury to the appealing party.' *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 516–17, 462 A.2d 902, 903 (1983) (emphasis in the original).

*Id.* 148 Pa.Cmwlth. at 22, 610 A.2d at 1077. In the present case, licensee's petition simply requested to appeal *nunc pro tunc* without presenting any supporting reasons for such request. Common Pleas erred by summarily granting the appeal *nunc pro tunc* without first conducting a hearing to determine whether the delay in filing licensee's appeal was attributable to fraud, an administrative breakdown in the court's operations, or to licensee's own failures.

This Court has consistently held that "[i]f an appeal is not filed within the statutorily mandated period of thirty days, the court has no jurisdiction to hear the appeal of the suspension, unless the delay in filing the appeal was caused by fraud, deception, coercion, duress or a breakdown in administrative procedure." *McGraw v. Department of Transportation, Bureau of Traffic Safety,* 123 Pa.Commonwealth Ct. 120, 122, 552 A.2d 1165, 1166–67 (1989). In the present case, because of Common Pleas' error in not conducting a hearing on licensee's petition to appeal *nunc pro tunc,* the untimeliness of licensee's petition was, in effect, never resolved. As a result, Common Pleas lacked jurisdiction to hear licensee's appeal from the suspension.

For the foregoing reasons, Common Pleas' order is vacated, and the matter is remanded to Common Pleas to conduct a hearing as to whether petitioner should be allowed to appeal *nunc pro tunc.*

## *ORDER*

AND NOW, this 16th day of March, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is vacated, and the matter is remanded to Common Pleas to conduct a hearing as to whether petitioner should be allowed to appeal *nunc pro tunc.*

Jurisdiction relinquished.