IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Patrick Roberts, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1072 C.D. 2018 |
| | : | SUBMITTED: February 1, 2019 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                              FILED: April 12, 2019

John Patrick Roberts (Licensee) appeals from the June 28, 2018 Order of the Court of Common Pleas of Allegheny County (Trial Court) denying Licensee's Petition to File Appeal Nunc Pro Tunc (Petition for Appeal). The Trial Court concluded that Licensee failed to prove that the late filing of his statutory appeal was due to non-negligent circumstances. For the reasons that follow, we vacate the Trial Court's Order and remand for further proceedings.

## Background

On May 1, 2018, the Department of Transportation, Bureau of Driver Licensing (DOT), mailed Licensee a Notice of Suspension, informing him that DOT was suspending his operating privilege for one year under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i), effective June 5, 2018, due to his chemical test refusal on March 19, 2018. The Notice of Suspension stated in relevant part: "You

have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, MAY 01, 2018, of this letter." Not. of Suspension, 5/1/18, at 3.

On June 15, 2018, Licensee filed his Petition for Appeal with the Trial Court. In his Petition for Appeal, Licensee asserted that his appeal was late because his counsel's file clerk, Patrick McQuillan, who was responsible for filing the appeal paperwork, died on May 31, 2018 **unbeknownst to counsel**.[1] Pet. for Appeal, 6/15/18, at 1-2. According to Licensee, his counsel was attending to out-of-state family matters at that time and did not learn of Mr. McQuillan's death until he returned to work on June 13, 2018. *Id.* at 2. DOT did not file a response in opposition to the Petition for Appeal.

On June 28, 2018, the Trial Court held an evidentiary hearing on the Petition for Appeal. At the outset of the hearing, Licensee's counsel attempted to explain why the appeal was filed late, but the Trial Court did not permit counsel to finish speaking. Notes of Testimony (N.T.), 6/28/18, at 3. The following exchange occurred:

> [LICENSEE'S COUNSEL]: This only happened in my career one other time. The law also says if there's a breakdown within the attorney's office, that's not malpractice. If you read –
>
> THE COURT: Okay. I'm not saying it's malpractice, but it is not a reason for a *nunc pro tunc* appeal.
>
> [LICENSEE'S COUNSEL]: When my file clerk who files my paperwork died and did not file –
>
> THE COURT: Are you listening to me?

---

[1] Licensee appended to his Petition for Appeal an internet printout that appears to be an obituary for Patrick Day McQuillan, stating that he died on May 31, 2018. Pet. for Appeal, 6/15/18, Ex.1. As discussed *infra*, this document was neither introduced nor admitted into evidence at the June 28, 2018 hearing.

2

[LICENSEE'S COUNSEL]: Yes, Your Honor. I always do. You know that.

THE COURT: The case [law] says whether it's a breakdown, whether somebody died, whatever the reason was, if the appeal wasn't filed, and even though the reason the appeal wasn't filed is because of the lawyer, it's not a breakdown in the system.

Now, all I can tell you is this. That's the Commonwealth Court. Most of the cases end at the Commonwealth Court. Any time there's a case that goes beyond the Commonwealth Court you have a chance of the Supreme Court taking the argument and basically saying, well, of course that's a breakdown in the system. But right now I am bound by the rules of the Commonwealth Court, whether I like them or not, whether I agree with them or not.

*Id.*

After this discussion, DOT's counsel and Licensee's counsel informed the Trial Court that DOT was not opposing the Petition for Appeal. *Id.* at 4. Immediately thereafter, without taking any evidence or hearing from counsel again, the Trial Court abruptly concluded the hearing and denied Licensee's Petition for Appeal, stating:

[W]hat's going to happen is this is going to go to Harrisburg and Harrisburg's going to file an appeal. I've been doing this long enough to understand how this goes.

As much as I would like to grant this . . . right now my understanding of the case law is that a breakdown in the lawyer's office is not a reason to grant an appeal *nunc pro tunc*.

[DOT] may not dispute this, but it will go to Harrisburg and Harrisburg's legal . . . [t]hey'll appeal it.

You can appeal this. But I have to deny this.

3

*Id.* at 4-5. Licensee now appeals from that decision.[2]

## Issue

Did Licensee establish a non-negligent basis on which the Trial Court should have allowed an appeal *nunc pro tunc*, when Licensee established that his counsel was unaware that the appeal had not been filed due to the death of counsel's file clerk on May 31, 2018?

## Analysis

Under Sections 5571(b) and 5572 of the Judicial Code, 42 Pa. C.S. §§ 5571(b) and 5572,[3] a licensee has 30 days from the mailing date of DOT's notice of suspension to file an appeal with the trial court. *Williamson*, 129 A.3d at 599. An appeal filed after the expiration of the 30-day appeal period is untimely and deprives the trial court of jurisdiction. *Id.*

In this case, the Notice of Suspension bore a "Mail Date" of May 1, 2018. Licensee had 30 days from that date, or until May 31, 2018, to file a timely appeal. Licensee did not file his appeal until June 15, 2018. In his Petition for Appeal, Licensee alleged that non-negligent circumstances caused his delay in filing the appeal and, thus, he should be permitted to file an appeal *nunc pro tunc*.

Generally, a *nunc pro tunc* appeal may be permitted only where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a

---

[2] Our review of the Trial Court's decision to disallow an appeal *nunc pro tunc* is limited to determining whether the Trial Court abused its discretion or committed an error of law. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 599 (Pa. Cmwlth. 2015).

[3] Section 5571(b) of the Judicial Code states that "an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." 42 Pa. C.S. § 5571(b). Section 5572 of the Judicial Code states that "[t]he date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter." 42 Pa. C.S. § 5572.

breakdown in the administrative process. *Baum v. Dep't of Transp., Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). The appellant bears the burden of proving that such circumstances exist. *Williamson*, 129 A.3d at 600; *Kulick v. Dep't of Transp., Bureau of Driver Licensing*, 666 A.2d 1148, 1150 (Pa. Cmwlth. 1995).

In addition, the Pennsylvania Supreme Court has recognized that non-negligent circumstances related to the actions of the appellant, his counsel, or his counsel's agent can justify a *nunc pro tunc* appeal. *See Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1132 (Pa. 1996); *Bass v. Com.*, 401 A.2d 1133, 1134-35 (Pa. 1979). The exception for "non-negligent circumstances is meant to apply only in *unique and compelling cases* in which the appellant has clearly established that [he] attempted to file an appeal, but *unforeseeable and unavoidable events* precluded [him] from actually doing so." *Criss*, 781 A.2d at 1160 (emphasis added). A court will allow a *nunc pro tunc* appeal in non-negligent circumstances only where the appellant filed the appeal shortly after the appeal period expired and the appellee was not prejudiced by the delay. *Id.* at 1159.

Contrary to the Trial Court's statements at the June 28, 2018 hearing, our appellate courts have permitted a *nunc pro tunc* appeal where the appellant, his attorney, or the person in his attorney's office responsible for filing the appeal suffers an unexpected illness or hospitalization during the appeal period. *See, e.g., Cook*, 671 A.2d at 1132 (holding that the appellant's sudden illness and hospitalization during the appeal period was a sufficient ground for a *nunc pro tunc* appeal); *Bass*, 401 A.2d at 1134-36 (holding that *nunc pro tunc* relief was warranted where the attorney's secretary responsible for filing appeal became ill, left work, and did not return to work until after the appeal deadline had passed); *Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriguez)*, 455 A.2d 299, 300 (Pa. Cmwlth. 1983) (holding that *nunc pro*

5

*tunc* relief was warranted where the hospitalization of the appellant's counsel prevented the filing of a timely appeal). Similarly, this Court has permitted a *nunc pro tunc* appeal where the clerk in the appellant's attorney's office experienced automotive problems while driving to the post office to file the appeal and did not arrive until after the post office had closed. *See Perry v. Unemployment Comp. Bd. of Review*, 459 A.2d 1342, 1343 & n.2 (Pa. Cmwlth. 1983).

Here, Licensee maintains that his appeal was filed late due to the death of his counsel's file clerk, which was a non-negligent, unforeseeable circumstance justifying a *nunc pro tunc* appeal. In his Petition for Appeal, Licensee averred that Mr. McQuillan, to whom counsel had given the appeal paperwork for filing, died on May 31, 2018, the last day of the appeal period. Pet. for Appeal, 6/15/18, at 1. Licensee also averred that his counsel did not learn of Mr. McQuillan's death until June 13, 2018, and that, upon learning this information, he filed the appeal two days later, on June 15, 2018. *Id.* at 2.

Given the nature of Licensee's allegations, this case potentially could be considered the type of "unique and compelling" situation in which Licensee "attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so." *Criss*, 781 A.2d at 1160. However, the Trial Court did not give Licensee's counsel an opportunity to present sworn testimony or enter any documents into evidence before it denied the Petition for Appeal. The Trial Court also made no factual findings or credibility determinations regarding the circumstances surrounding Licensee's filing of the late appeal.

Additionally, it is clear that DOT was not prejudiced by the delay since DOT's counsel informed the Trial Court that DOT was not opposing Licensee's Petition for Appeal.

Even more disconcerting is that, in its subsequent Pa. R.A.P. 1925(a) Opinion, the Trial Court stated that it denied Licensee's Petition for Appeal because Licensee presented no evidence to satisfy his burden of proof:

> Although [Licensee's] counsel stated that the file clerk who was supposed to file the appeal paperwork died, there was no substantiation about any other information. An assertion by counsel is insufficient where no independent evidence is on record to substantiate the assertion.

Trial Ct. Op., 10/25/18, at 2-3 (unpaginated). Yet the reason there was no evidence of record to satisfy Licensee's burden was that the *Trial Court* abruptly ended the hearing before taking any testimony or evidence.

For these reasons, we conclude that the Trial Court erred in denying Licensee's Petition for Appeal without conducting a full evidentiary hearing on the timeliness issue. *Cf. Dep't of Transp., Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924, 926 (Pa. Cmwlth. 1994) ("[B]ecause of [the trial court's] error in not conducting a hearing on [the] licensee's petition to appeal *nunc pro tunc*, the untimeliness of [the] licensee's petition was, in effect, never resolved.").

## Conclusion

Accordingly, we vacate the Trial Court's Order and remand this matter to the Trial Court for a new evidentiary hearing on Licensee's Petition for Appeal.

_____
ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Patrick Roberts,             :
                   Appellant    :
                             :
      v.                     :  No. 1072 C.D. 2018
                             :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Driver Licensing       :

# **O R D E R**


AND NOW, this 12th day of April, 2019, the Order of the Court of Common Pleas of Allegheny County (Trial Court), dated June 28, 2018, is hereby VACATED, and this matter is REMANDED to the Trial Court for further proceedings consistent with the foregoing Opinion.

Jurisdiction relinquished.


_____
ELLEN CEISLER, Judge