# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos M. Montes                         :
                                         :
            v.                           :
                                         :  No. 1112 C.D. 2020
Commonwealth of Pennsylvania,            :
Department of Transportation,            :  Submitted: June 3, 2022
Bureau of Driver Licensing,              :
                       Appellant         :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: August 18, 2023

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the October 1, 2020 order of the Court of Common Pleas of Berks County (trial court), which sustained Carlos M. Montes's (Licensee) statutory appeal of the suspension of his driving privilege for a period of one year pursuant to Section 1547(b)(1)(i) of the Vehicle Code.[1] Also before the Court is DOT's Application for Remand (Application). Upon review, we vacate the trial court's order, grant DOT's Application, and remand for an evidentiary hearing to determine whether Licensee can establish extraordinary circumstances warranting the grant of an appeal *nunc pro tunc*.

---

[1] 75 Pa. C.S. § 1547(b)(1)(i). This section authorizes DOT to suspend the driving privilege of a licensee for 12 months as a consequence of his refusal to submit to chemical testing in connection with his arrest for violating Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802 (relating to driving under the influence of alcohol or controlled substances (DUI)).

# I.     FACTS AND PROCEDURAL HISTORY

On November 17, 2018, Licensee was stopped by Officer Jeffrey Futchko and trainee Officer McMahon[2] of the Western Berks Regional Police Department due to his license plate not being fully illuminated.  (Reproduced Record (R.R.) at 34a-36a.)   Officer Futchko testified that Licensee only spoke Spanish and did not understand English.  (R.R. at 34a.)  Officer Futchko observed signs of intoxication, including bloodshot, watery eyes, and a faint odor of alcohol coming from Licensee's breath.  (R.R. at 39a.)  Based on Officer Futchko's observations, he placed Licensee under arrest on suspicion of DUI. (R.R. at 43a-45a.)

Licensee was transported to central processing, where Officer Futchko read the entirety of the DL-26A form to Licensee in English, and Licensee signed the form.  (R.R. at 46a-50a.)  Officer Futchko then requested a Spanish-speaking officer from the Reading Police Department to help translate the form for Licensee and read the breath test instructions, and Officer Steve Valdez responded to Officer Futchko's request.[3]   Officer Valdez responded to Officer Futchko's request and explained to Licensee, in Spanish, the DL-26A form, what the test entailed, and the consequences if Licensee did not submit to testing.  (R.R. at 61a-63a.)  Licensee refused to submit to chemical testing.  (R.R. at 50a.)

On December 4, 2018, DOT mailed Licensee a Notice of Suspension, informing him that DOT was suspending his operating privilege for one year under Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1)(i), effective January 8, 2019, due to his chemical test refusal on November 17, 2018.  The Notice of Suspension stated in relevant part: "You have the right to appeal this action to the

---

[2] Upon review of the record, Officer McMahon did not testify at the hearing and was only identified by her surname.

[3] Officer Futchko mistakenly refers to Officer Valdez as Officer "Rivera" throughout his testimony.

Court of Common Pleas (Civil Division) within 30 days of the mail date, DECEMBER 04, 2018, of this letter." (R.R. at 81a) (emphasis in original).

On March 29, 2019, 85 days after DOT's Notice of Suspension, Licensee filed his Petition for Appeal with the trial court. In his Petition for Appeal, Licensee asserted that he did not receive a Notice of Suspension from DOT and only became aware of his license suspension as a result of a traffic violation on February 26, 2019. (R.R. at 4a.) The trial court scheduled a hearing and granted a supersedeas of the suspension. (R.R. at 17a.) On July 21, 2020, the trial court held a hearing *de novo*. (R.R. at 30a.) On October 1, 2020, the trial court filed a decision and order sustaining the appeal and rescinding the January 8, 2019 suspension. (R.R. at 1a, 114a-21a.)

On October 27, 2020, DOT timely appealed to this Court. (R.R. at 1a, 122a-34a.) On March 31, 2021, DOT filed the Application to remand to the trial court arguing that Licensee filed an untimely statutory appeal of his suspension and the trial court had not held a hearing in accordance with *Department of Transportation, Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924 (Pa. Cmwlth. 1994), to determine whether Licensee could proceed on a *nunc pro tunc* basis. (Appellant's Br. at 20.) On May 7, 2021, this Court filed a *per curiam* order directing the parties to address whether the matter should be remanded for the reasons stated in the motion to remand and listing the Application with the merits of the appeal.[4] *Id.*

## II.    ISSUES

DOT contends on appeal that (1) the trial court erred as a matter of law in concluding that Licensee satisfied his burden of proof that he was incapable of making a knowing and conscious decision to refuse chemical testing of his blood, (2) the trial

---

[4] By notice dated August 4, 2021, Licensee's counsel, George A. Gonzalez, Esq., informed the Court that Licensee will not be filing a brief in this matter.

3

court's finding that Licensee met his burden is not supported by substantial evidence, (3) the trial court erred as a matter of law by sustaining Licensee's appeal because it lacked subject matter jurisdiction, or, alternatively, (4) the appeal should be remanded to determine whether Licensee should have been permitted to file a *nunc pro tunc* appeal.

## III.  DISCUSSION[5]

Before addressing the substantive issues DOT raises in this appeal, we first address DOT's Application.  In its Application, DOT asserts that Licensee's appeal was untimely and that his mere denial of receiving the Notice of Suspension is insufficient to support a *nunc pro tunc* appeal of his license suspension.  DOT argues that even if Licensee did not receive the Notice of Suspension, he had actual knowledge of the suspension on February 26, 2019, but still untimely filed his appeal on March 29, 2019, one day outside the 30-day appeal window.

Section 1550 of the Vehicle Code governs judicial review and expressly provides that any person whose operating privilege has been suspended may appeal to the court vested with jurisdiction of such appeals, in this case, the trial court.  75 Pa. C.S. § 1550(a).  It is well settled that an appeal from a driver's license suspension must be taken within 30 days from the mailing date of the DOT's notice.  42 Pa. C.S. §§ 5571(b), 5572; *see Kulick v. Department of Transportation, Bureau of Driver Licensing*, 666 A.2d 1148, 1149-50 (Pa. Cmwlth. 1995).  If a licensee fails to appeal from a suspension within that 30-day appeal period, the trial court lacks jurisdiction to hear the appeal unless there are grounds for granting the appeal *nunc pro tunc*.  *Id.* at

---

[5] "When a trial court permits the filing of an untimely appeal, our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 n.6 (Pa. Cmwlth. 2003).

1150. An appeal *nunc pro tunc* is only appropriate where "the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or breakdown in the administrative or judicial process," and it is the licensee's burden to prove such circumstances existed. *Id.* Moreover, "[i]t has long been the rule that questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties or by the court *sua sponte*." *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 636 A.2d 224, 226 (Pa. Cmwlth. 1993).

Here, DOT mailed its notice of suspension to Licensee on December 4, 2018. (R.R. at 82a.) Thus, Licensee's statutory appeal period ended on January 3, 2019. In his Petition for Appeal, filed March 29, 2019, Licensee alleged that he was unaware of his suspension until he was pulled over during a subsequent traffic violation on February 26, 2019, because "he never received any [N]otice of [S]uspension." (R.R. at 4a.) Thus, Licensee's appeal is facially untimely, and the trial court was without jurisdiction to consider it unless sufficient grounds exist to consider the appeal *nunc pro tunc*. During the evidentiary hearing, the trial court did not take any evidence or make any determinations regarding the timeliness of Licensee's appeal. *See generally* Notes of Testimony (N.T.) Hr'g, 07/21/20.

## IV.    CONCLUSION

For these reasons, we conclude that the trial court erred in granting Licensee's Petition for Appeal without conducting a full evidentiary hearing on the timeliness issue. *See Schillaci*, 639 A.2d at 926 ("[B]ecause of [the trial court's] error in not conducting a hearing on [the] licensee's petition to appeal *nunc pro tunc*, the untimeliness of [the] licensee's petition was, in effect, never resolved."). Accordingly, the trial court's order sustaining Licensee's appeal is vacated, DOT's Application is

5

granted, and this matter is remanded to the trial court to conduct an evidentiary hearing to determine whether Licensee should be allowed to appeal *nunc pro tunc*.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] Based upon this disposition, we need not address the substantive issues of DOT's appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos M. Montes                          :
                                          :
          v.                              :
                                          :   No.  1112 C.D. 2020
Commonwealth of Pennsylvania,             :
Department of Transportation,             :
Bureau of Driver Licensing,               :
                    Appellant             :

## *ORDER*

AND NOW, this 18th day of  August, 2023, the October 1, 2020 order of the Court of Common Pleas of Berks County (trial court) is hereby VACATED. The Department of Transportation, Bureau of Driver Licensing's Application for Remand is GRANTED, and this matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge