# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Hayden David Haines | : | |
| | : | |
| v. | : | No. 20 C.D. 2024 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | Submitted: October 7, 2025 |


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                             FILED: November 18, 2025

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) appeals from the December 12, 2023 order of the Court of Common Pleas of Clarion County (trial court), which sustained Hayden Haines' (Licensee) appeal of the suspension of his driving privilege for a period of one year pursuant to Section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(i). Also before the Court is the Department's Application for Remand (Application). Upon review, we find that the trial court record is insufficient to determine whether Licensee was entitled to *nunc pro tunc* relief due to extraordinary circumstances. Therefore, we grant the Department's Application, and remand for an evidentiary hearing to determine whether Licensee can establish extraordinary

circumstances and subsequent diligence warranting the grant of an appeal *nunc pro tunc*.

## I. BACKGROUND

Licensee sustained a brain injury on July 16, 2023, as a result of an ATV accident. On the same day, and allegedly as a result of the same accident, Licensee was placed under arrest for suspicion of driving under the influence (DUI) and allegedly refused a breath test. Based on these allegations, the Department issued Licensee a notice of suspension of his driver's license on August 4, 2023, effective September 8, 2023.

On September 27, 2023, Licensee filed a Motion for Leave of Court to File Appeal *Nunc Pro Tunc* from the suspension order (Motion). In his Motion, Licensee averred that he was receiving medical treatment for the brain injury sustained on July 16, 2023, and that his mother had been handling his personal affairs during his treatment. He further averred that his mother did not understand the nature of the suspension notice when she received it, nor did she provide it to Licensee, and Licensee had only "recently" become aware of the notice and reached out to counsel to file the Motion. Reproduced Record (R.R.) at 5a.

On October 3, 2023, the trial court filed an order granting Licensee's Motion and allowing his *nunc pro tunc* appeal, ordering that an appeal be filed by October 25, 2023. Licensee filed his appeal on October 13, and the trial court issued a notice for Licensee's appeal hearing, scheduled for December 8, 2023. The Department's counsel misunderstood the nature of the December 8 hearing, believing it to be regarding Licensee's Motion, and was not prepared to proceed on the merits of Licensee's appeal on such date. The trial court denied the Department's request for a continuance of the hearing, and sustained Licensee's appeal by order

2

dated December 12, 2023, given the Department's inability to proceed at the appeal hearing.

The Department subsequently appealed[1] to this Court.

## II. ISSUE

The sole issue before this Court is whether the trial court erred by granting Licensee's Motion and allowing his appeal to proceed *nunc pro tunc*.

The Department argues that the trial court erred by granting Licensee's Motion, based upon Licensee's averments alone, without a hearing to determine whether Licensee was entitled to *nunc pro tunc* relief.

## III. DISCUSSION

Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), permits appeals from government units, including appeals from license suspensions ordered by the Department, to be filed with courts of common pleas. Such appeals "must be commenced within 30 days after the entry of the order from which the appeal is taken." 42 Pa.C.S. § 5572.

> [S]tatutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. By allowing a licensee to file a late appeal, the trial court extends the time in which an appeal may be filed, thereby extending itself jurisdiction it would not otherwise have. Such an extension is appropriate only when the licensee proves that either fraud or an administrative breakdown caused the delay in filing the appeal.

---

[1] This Court's review in license suspension matters "is limited to determining whether the trial court's necessary findings of fact were supported by substantial evidence and whether the trial court committed an error of law or otherwise abused its discretion." *Park v. Dep't of Transp., Bureau of Driver Licensing*, 178 A.3d 274, 279 n.2 (Pa. Cmwlth. 2018).

3

*Hudson v. Dep't of Transp., Bureau of Driver Licensing,* 830 A.2d 594, 598 (Pa. Cmwlth. 2003) (citations omitted). *Nunc pro tunc* relief may also be proper where extraordinary circumstances prevent a Licensee from filing a timely appeal, if:

> (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

*Baum v. Dep't of Transp., Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008) (citing *Criss v. Wise,* 781 A.2d 1156 (Pa. 2001)).

In *Department of Transportation, Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924 (Pa. Cmwlth. 1994), this Court previously found that where the Department challenged a Licensee's right to *nunc pro tunc* relief, and the record was insufficient to show that Licensee was entitled to such relief, it was necessary to remand to the trial court for an evidentiary hearing. In *Schillaci*, the trial court granted a licensee's motion to appeal *nunc pro tunc*, although the motion contained no averments as to why the licensee was entitled to such relief. Accordingly, this Court found that there was no evidence on the record sufficient to conclude that the licensee was entitled to appeal *nunc pro tunc*, and that the trial court had erred in granting *nunc pro tunc* relief without a hearing.

In its 1925(a) opinion, the trial court distinguished *Schillaci* from the instant case, as Licensee's Motion contained averments in support of his request for *nunc pro tunc* relief. We agree with the trial court that the instant case differs from *Schillaci* on that basis, however it is not so distinguishable as to warrant a different result. Here, while the record is certainly less deficient than it was in *Schillaci*, the record is still deficient. Less deficient is not equivalent to sufficient. In particular,

4

we note that it is unclear if Licensee was diligent in filing his *nunc pro tunc* motion following his discovery of the notice of suspension. Licensee's averments are vague in this respect, claiming that it "wasn't until recently that [he] was made aware of the significance of the notice that was sent and reached out to [] counsel for assistance." R.R. at 5a. "Recently" is a rather imprecise term in this context, and Licensee's right to relief as a matter of law is not clear from the averments of his Motion alone. It is also noteworthy that Licensee avers that he only recently became "aware of the *significance* of the notice," rather than averring that he only recently became aware of the notice itself. It is unclear if Licensee was aware of the notice before becoming aware of its *significance*, and if he was, if his own negligence caused the delay in him becoming aware of the *significance* of the notice.[2] As the record, as it currently exists, is insufficient to find that Licensee was entitled to *nunc pro tunc* relief, the trial court erred by granting such relief without a hearing. A hearing is required to determine if Licensee acted with the necessary diligence to justify *nunc pro tunc* relief.

Even if the merits of the foregoing discussion of sufficiency are arguable, the Department never had an opportunity in the trial court to oppose the *nunc pro tunc* application before it was granted. Based on the factual nature of the application the Department deserved the opportunity, i.e., had the due process right, to be heard at a hearing, to cross-examine witnesses, and to oppose the application. A remand is necessary to give it those opportunities.

---

[2] Failure to read a notice of which one is aware is not a non-negligent circumstance justifying *nunc pro tunc* relief. *See, e.g., Guat Gnoh Ho v. Unemployment Comp. Bd. of Rev.*, 525 A.2d 874, (Pa. Cmwlth. 1987) (litigant was denied *nunc pro tunc* relief, where she was made aware of receipt of a mailing from the Department of Labor and Industry by her husband, but not its contents, as he did not speak English.).

## IV. CONCLUSION

For the foregoing reasons, this case is remanded for an evidentiary hearing regarding whether Licensee is entitled to *nunc pro tunc* relief. Following such hearing, the trial court is directed to issue an opinion with findings of fact and conclusions of law as to whether Licensee has satisfied his burden in showing that he is entitled to *nunc pro tunc* relief.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hayden David Haines                            :
                                               :
                 v.                            :    No.  20 C.D. 2024
                                               :
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing,                    :
                          Appellant            :

# **O R D E R**

AND NOW, this 18th day of November 2025, the Department of Transportation, Bureau of Driver Licensing's Application for Remand is GRANTED, and this matter is REMANDED to the Court of Common Pleas of Clarion County (Common Pleas) to hold an evidentiary hearing and make findings of fact and conclusions of law consistent with the foregoing opinion.  Common Pleas shall complete those actions and transmit the record back to this Court within 60 days of the date of this Order.

Within 30 days of the date of the return of the record to this Court, each party may file and serve a supplemental brief regarding the trial court's findings and conclusions on remand.

Jurisdiction retained.

_____
MATTHEW S. WOLF, Judge